Filing # 117208032 E-Filed 11/24/2020 01:32:04 PM

IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT, IN AND FOR
BREVARD COUNTY, FLORIDA

ADRIANNA FLAGG                                    CASE NO.:


        Plaintiff,

vs.

WALGREEN CO., a foreign corporation,
d/b/a WALGREENS,

        Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, ADRIANNA FLAGG, by and through undersigned counsel, and files suit against the Defendant, WALGREEN CO., a foreign corporation d/b/a WALGREENS Store #4193 (hereinafter WALGREENS) as follows:

### GENERAL ALLEGATIONS

1.  This is an action for damages that exceed Thirty Thousand Dollars ($30,000.00) exclusive of attorney's fees, costs and interest.

2.  At all times material hereto, the Plaintiff, ADRIANNA FLAGG (hereinafter, Plaintiff), was and is a resident of Melbourne, Brevard County, Florida, is over the age of 18 years, and is otherwise sui juris.

3.  At all times material hereto, the Defendant, WALGREENS is a foreign corporation authorized to and doing business in Melbourne, Brevard County, Florida.

4.  At all times material hereto, the Defendant, WALGREENS, owned, leased, operated or otherwise controlled the location at 1350 N. Wickham Road, Melbourne, Brevard County, Florida.

5.  The Defendant, WALGREENS operated a pharmacy and drug store at the above stated location which was open to the public for business.

6.  The Defendant's place of business is open to the public during its normal working hours, and as such, persons visiting the Defendant's place of business to purchase goods and services are business invitees.

7.  The Defendant owes a reasonable duty of care to its business invitees where the Defendant must keep its floors in a reasonably safe condition and free from both latent and patent dangerous conditions and/or foreign transitory substances that could pose a hazard to its

business invitees, and thus provide reasonably safe ingress, passage, and egress though its buildings and on its property.

**COUNT I – NEGLIGENCE OF WALGREEN CO.**
**d/b/a WALGREENS FOREIGN TRANSITORY SUBSTANCE(S)**

8.  Plaintiff adopts and restates all allegations contained in paragraphs 1 – 7 above as though fully set forth herein.

9.  On or about February 10, 2017 the Plaintiff was walking in the Defendant, WALGREENS' Store located at 1350 North Wickham Road, Melbourne, FL  32940.

10. On or about February 10, 2017 the Plaintiff, while walking in the Defendant WALGREENS' store, slipped and fell and received severe injuries due to a clear substance leaking and spilled on the floor.

11. At the time and place of the fall, a foreign transitory substance, a clear liquid, possibly shampoo and/or other substances were present on the floor, thus creating a dangerous condition in the form of a slipping hazard.

12. The substance includes but are not limited to a clear liquid, possibly shampoo and/or water and/or foreign transitory substance that are either impossible or next to impossible to see in the place the accident occurred.

13. The Plaintiff slipped on the aforementioned clear liquid, possibly shampoo and/or water and/or a foreign transitory substance and immediately after or during the slip fell to the ground and sustained serious injuries.

14. The Defendant, WALGREENS knew or should have known about the presence of the transitory substance(s).

15. Further, the Defendant, WALGREENS had no adequate procedure in place to prevent foreign transitory substances which create a slipping hazard to pedestrians who are walking in the Defendants building(s) from remaining on the floor, i.e., a procedure that would adequately ensure that such substances are detected and removed within a reasonable time.

16. But for the presence of the foreign transitory substance described herein, the Plaintiff would not have fallen and would not have sustained any injury.

17. The presence of the foreign transitory substances and the resulting dangerous latent condition present at the time and place where the Plaintiff fell constituted a breach of the Defendant, WALGREENS' reasonable duty to the Plaintiff to provide reasonably safe ingress, passage and egress on and about its buildings and property, and/or to maintain the premises in a reasonably safe condition, including but not limited to the following:

    a. By failing to provide a reasonably safe floor surface in the store location

2

where Plaintiff fell;

b.  By failing to inspect the premises to ascertain the presence of unreasonably dangerous condition, including but not limited to, liquid substances present on an aisle/walkway and in turn, causing an unreasonably slippery aisle/walkway surface;

c.  By failing to repair or eliminate those unreasonably dangerous conditions of the aisle/walkway that were known or should have been known to WALGREENS;

c.  By failing to warn the Plaintiff under the circumstances of this case, of the unreasonably dangerous condition posed by the liquid allowed to remain on the walkway in question and failure to warn of the foreseeable risk of severe personal injury caused by such condition, in this case no wet floor sign or other warning device was present;

d.  By failing to otherwise properly inspect, maintain, and repair the premises so as to avoid or prevent the accumulation of a liquid substance in the location where Plaintiff fell and to keep the same in a reasonably safe condition;

e.  By failing to remove the liquid substance in question for an unreasonable period of time;

f.  By allowing the liquid substance to remain on the walkway surface for an unreasonable period of time.

18.  As a direct and proximate result of the aforesaid negligence of the Defendant, WALGREENS, the Plaintiff was severely, significantly and permanently injured within a reasonable degree of medical probability, and has been permanently and significantly scarred and/or disfigured; has incurred a significant and permanent loss of bodily functions; and/or has sustained a significant and permanent aggravation of a pre-existing injury. As a further direct and proximate result of Defendant, WALGREENS' negligence, the Plaintiff suffered extreme pain and suffering, disability, physical impairment, mental anguish, inconvenience, and loss of capacity for the enjoyment of life, lost earning capacity, and will so suffer in the future. The Plaintiff has in the past and will in the future be obligated to pay large sums of money for doctors' bills, hospital bills and other directly and indirectly related expenses in an effort to alleviate her suffering and cure her injuries. The Plaintiff has in the past and will in the future suffer lost wages as a result of her injuries. The Plaintiff has in the past and will in the future be unable to lead and enjoy a normal life as the result of the injuries. All of the

3

Plaintiff's losses are either permanent or continuing in nature and the Plaintiff will suffer these losses in the future.

WHEREFORE the Plaintiff, ADRIANNA FLAGG, respectfully demands that this court enter judgment in her favor and against the Defendant WALGREENS for damages, including but not limited to actual, consequential and all other damages permitted by law, costs and any and all other such relief as the court deems just, legal and equitable. The Plaintiff demands a jury trial as to all issues so triable as matter of right.

### COUNT II NEGLIGENCE OF WALGREEN CO d/b/a WALGREENS INADEQUATE MAINTENANCE

19.   Paragraphs 1 – 7 are re-alleged as though fully reprinted herein.

20.   On or about February 10, 2017, the Plaintiff was walking in WALGREENS owned and operated by the Defendant.

21.   On or about February 10, 2017, the Plaintiff, while walking in WALGREENS owned and operated by the Defendant, slipped and fell, and received severe injuries.

22.   The floor and/or surface where the Plaintiff was walking at the time she slipped and fell was unsafe due to its general condition, regardless of the presence or non-presence of foreign transitory substances.

23.   The floor and/or surface where the Plaintiff was walking at the time she slipped and fell was unsafe due to the fact that it was either worn, inadequately and/or improperly maintained, inadequately and/or improperly polished, inadequately and/or improperly waxed, inadequately and/or improperly cleaned, and or a combination of the foregoing.

24.   Simple and basic floor maintenance would have prevented the dangerous condition at the time and place where the Plaintiff fell.

25.   But for the dangerous condition of the floor at the time and place where she fell, the Plaintiff would not have fallen and would not have been injured.

26.   The Defendant did not have in place an adequate maintenance procedure so that the overall condition of area where the Plaintiff fell would be safe for foot traffic, or in the alternative the Defendant failed to follow its own procedures thereby allowing the dangerous condition to exist.

27.   The Defendant's failure to maintain the overall condition of its floor at the time and place where the Plaintiff fell constituted a breach of the Defendant's reasonable duty to the Plaintiff to proved reasonably safe ingress, passage and egress on and about its buildings and property and/or to maintain the premises in a reasonably safe condition.

4

28.    As a direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff was severely, significantly and permanently injured within a reasonable degree of medical probability, and has been permanently and significantly scarred and/or disfigured; has incurred a significant and permanent loss of bodily functions; and/or has sustained a significant and permanent aggravation of a pre-existing injury.   As a further direct and proximate result of Defendant's negligence, the Plaintiff suffered extreme pain and suffering, disability, physical impairment, mental anguish, inconvenience, and loss of capacity for the enjoyment of life, lost earning capacity, and will so suffer in the future.  The Plaintiff has in the past and will in the future be obligated to pay large sums of money for doctors' bills, hospital bills and other directly and indirectly related expenses in an effort to alleviate her suffering and cure her injuries. The Plaintiff has in the past and will in the future suffer lost wages as a result of her injuries. The Plaintiff has in the past and will in the future be unable to lead and enjoy a normal life as the result of the injuries.  All of the Plaintiff's losses are either permanent or continuing in nature and the Plaintiff will suffer these losses in the future.

WHEREFORE the Plaintiff, ADRIANNA FLAGG, respectfully demands that this court enter judgment in her favor and against the Defendant WALGREEN CO. d/b/a WALGREENS, for damages, including but not limited to actual, consequential and all other damages permitted by law, costs and any and all other such relief as the court deems just, legal and equitable. The Plaintiff demands a jury trial as to all issues so triable as matter of right.

DATED this 24th day of November, 2020.

**THE MITCHELL LAW FIRM, P.A.**
Attorney for Plaintiff
134 5th Avenue, Suite 103
Indialantic, FL 32903
321-473-7330

*/s/ Joe M. Mitchell, III*
Joe M. Mitchell, III
Attorney at Law
Fla. Bar No.: 0047491
joe@themitchelllawfirm.com
documents to
eservice@themitchelllawfirm.com

5